## CODDING, appellant, v. NEWMAN.

*Executor — renunciation.*

One of two executors, who has renounced, may, upon the removal of his
co-executor, for cause pursuant to statute, and before any letters of adminis-
tration, with the will annexed, have been granted, retract his renunciation,
and thereupon have letters testamentary issued to him.

APPEAL from a decree of the surrogate of Monroe county, grant-
ing letters testamentary to the respondent, Thomas Newman, and
refusing them to the appellant, Thayer H. Codding. The case was
this: William T. Codding diéd June 1, 1860, and left a will in
which William C. Codding and Thomas Newman were appointed
executors. The will was admitted to probate August 10, 1860, when
Thomas Newman presented to the surrogate a renunciation, and
letters testamentary were issued to William G. Codding, who entered
upon the trust and continued to discharge the duties of executor
until March, 1872, when he was removed pursuant to statute. In
April, 1872, Thomas Newman filed with the surrogate a retraction
of his renunciation and a petition praying that letters testamentary
be granted to him as one of the executors. Soon after Thayer H.
Codding presented a petition praying that letters of administration,
with the will annexed, be issued to him instead of to Codding. The
surrogate decided in favor of Thomas Newman, whereupon Thayer
H. Codding appealed to this court.

*John Van Voorhis*, for appellant, cited *Thornton* v. *Winston*, 4
Leigh, 152 ; *Goss* v. *Singleton*, 2 Head (Tenn.), 68; *Judson* v. *Gib-
bons*, 5 Wend. 224; *Robertson* v. *McGeoch*, 11 Paige, 640, 642.

*D. McNaughton* and *George F. Danforth*, for respondent.

GILBERT, J.   The only question in the case is whether one of
two executors, who has renounced, may, upon the removal of his
co-executor for cause pursuant to the statute authorizing such
removal, and before any letters of administration, with the will
annexed, have been granted, retract his renunciation, and thereupon
have letters testamentary issued to him. Upon principle we per-
ceive no objection to such a proceeding. A renunciation is simply

the giving up of a right, but if the person who renounces, chooses to withdraw his renunciation and to assume the exercise of his right before any rights inconsistent with his retraction have been acquired, certainly there is no rule of law or equity which would require him to persevere in his renunciation, and the authorities, both in England and in this State, are to this effect. Mr. Williams, in his treatise on the Law of Executors and Administrators, says: " An executor who has renounced may, at any time before the grant of administration *cum testamento annexo* has passed the seal of the court, retract his renunciation. Part 1, book 3, chap. 6, § 2. Mr. Dayton adopts and sanctions that doctrine. Dayton on Surrogates, 222. In *Robertson* v. *McGeoch*, 11 Paige, 643, Chancellor WALWORTH held it to be well settled that when there are several executors and one of them renounces, and letters testamentary are thereupon issued to the others, he may retract, as a matter of course, *after the death of the others,* and may have letters testamentary granted to him, but that when all the executors renounce, and administration, with the will annexed, *has been actually granted,* it is too late to retract the renunciation. There can be no difference in the principle governing this right to retract, whether the co-executors have died or been removed. The statute on this subject provides that when an executor has been superseded, if there be no *acting* executor of the will, the surrogate shall grant letters of administration with the will annexed (2 R. S. 72, § 21), and the residuary legatee, or legatees if there be more than one, shall have the prior right to such letters. Id. 71, § 14. It appears that the respondent formally retracted his renunciation not only before any letters of administration with the will annexed were granted (for none have ever been granted), but before the appellant applied for such letters. If, therefore, the respondent's retraction was effectual, he became an acting executor, *eo instanti* it was made. Indeed, at common law an executor who had renounced, did by the probate granted to any other of the executors, himself become executor to all intents and purposes. Actions were required to be brought in the name of all, though one only proved the will. *Hensloe's Case,* 9 Co. 36 ; *Watkins* v. *Brent,* 7 My. & Cr. 97 ; *Bodle* v. *Hulse,* 5 Wend. 313. The reason was that an executor derives title, not from the probate but from the will, and a probate granted to one executor inured to the benefit of all. BAYLEY, J., *Webster* v. *Spencer,* 3 B. & Ald. 360. It required a statute to dispense with the

necessity for all executors named in the will to join in an action brought by those who had qualified.  Laws of 1838, chap. 149.

The case of *Thornton* v. *Winston*, 4 Leigh, 152, is not an authority in this State if it be elsewhere, because the judgment was put upon the ground that the appointment of an executor gave him a right to the *residuum*, and that the renunciation of the executor was of the nature of a transfer of a right or title in personal property which could not be retracted, *quia transit in contractum*.  No such rule has ever prevailed in this State.

The decree of the surrogate must be affirmed, with costs.

*Decree affirmed.*